IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA FREEDLE,

      Plaintiff,

vs.                                                                  Civ. No. 23-783 GJF/SCY

LFH MANAGEMENT, LLC d/b/a
LA FONDA ON THE PLAZA; and
ZADEYAN, INC. d/b/a FRENCH
PASTRY SHOP,

      Defendants.

### ORDER TO AMEND NOTICE OF REMOVAL

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendants LFH Management, LLC and Zadeyan, Inc. on September 13, 2023. Doc. 1. Defendants removed this action from New Mexico state district court to federal court citing diversity jurisdiction. *Id.* ¶ 11. The Court has a sua-sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the notice of removal, the applicable law, and being otherwise fully advised in the premises, concludes that the notice of removal fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a

citizen of the State in which such action is brought.[1] *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

Here, the Notice of Removal contains a number of deficiencies such that the Court is unable to determine if diversity of citizenship exists. First, as to the individual Plaintiff, the Notice of Removal states that she is a "resident of Bexar County, Texas." Doc. 1 ¶ 4. Residency, however, is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, as is the case here, a notice of removal that alleges only "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *See McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases).

Second, the Notice of Removal states that "Defendant LFH Management LLC is a foreign limited liability company incorporated in Delaware." Doc. 1 ¶ 5. A limited liability

---

[1] Here, the "forum-defendant" rule seems to have been violated as Defendant Zadeyan is incorporated in New Mexico, and is therefore a citizen of New Mexico, 28 U.S.C. § 1332(c), the same state in which this action was originally brought, *see* Doc. 1-1. However, "the forum-defendant rule is not jurisdictional and may therefore be waived." *Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013). Plaintiff did not move to remand based on this rule, and her deadline to do so has expired, 28 U.S.C. § 1447(c), such that the Court finds the forum-defendant rule waived.

company ("LLC") is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company). And here, the Notice of Removal fails to allege the citizenship of every LLC member.

Third, the Notice of Removal states that Defendant "Zadeyan is a domestic profit corporation incorporated in New Mexico." Doc. 1 ¶ 6. A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business, 28 U.S.C. § 1332(c), but Defendants provide no information as to the state in which Defendant Zadeyan maintains its principal place of business.

Lastly, Federal Rule of Civil Procedure 7.1(a)(2) requires that,

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party or intervenor:
> **(A)** when the action is filed in or removed to federal court, and
> **(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Defendants have not filed such disclosure statements, so the Court in unable to determine their citizenships.

Accordingly, the Court will give the removing Defendants the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal

place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS THEREFORE ORDERED** that Defendants amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than October 31, 2023.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed, the Court may remand this action back to state district court.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**